NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILHEMINA A. KAMARA, | : | |
| Plaintiff, | : | Civil Action No. 13-cv-4459 (JAP) |
| v. | : | **OPINION** |
| ROSEMONT COLLEGE, *et al.*, | : | |
| Defendants. | : | |

PISANO, District Judge

      Presently before the Court are two motions. The first is a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), or, in the alternative, for Transfer to the United States District Court for the Eastern District of Pennsylvania [docket # 5] brought by defendants Rosemont College, Sharon Hirsch and Jane Federowicz. The second is a Motion to Join in the Motion to Dismiss [docket # 12] brought by defendants Lee Plenn and Mary Beth Tsikalas.

      Plaintiff filed her original Complaint in New Jersey Superior Court, Somerset County, on June 24, 2013. Defendants removed the action to this Court on July 23, 2013 [docket # 1]. Plaintiff's claims arise from events alleged to have taken place during her employment with Rosemont College and subsequent termination from that employment. In her Complaint, Plaintiff alleges wrongful termination, gender discrimination under the New Jersey Law Against Discrimination ("NJLAD"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), and a violation of her Sixth Amendment rights.

1

For the reasons set forth below, Defendants' Motion to Join in the Motion to Dismiss [docket # 12] is GRANTED and Defendants' Motion for Transfer to the Eastern District of Pennsylvania [docket # 5] is GRANTED.[1]

**I.      BACKGROUND**

For the purpose of disposition of the instant motion, the following factual allegations are taken from the Complaint and accepted as true. *Pro se* Plaintiff, Wilhemina Kamara, is a New Jersey resident who was employed by Defendant Rosemont College at its campus in Rosemont, Pennsylvania as the Resident Coordinator/RADAR Coordinator for nine months beginning in October 2010. At the time of the alleged events, all Defendants were employees of Rosemont College.[2] In sum and substance, Plaintiff claims that she suffered gender discrimination while employed at Rosemont College and was wrongfully terminated from her position without proper proof or procedure.

**A. Wrongful Termination**

It appears the events leading to Plaintiff's alleged wrongful termination arose from Plaintiff's conflicts with other members of the Resident Assistant staff.  The first conflict took place in November 2010, when an incident occurred between Plaintiff and Resident Assistant staff member, Promise Nah. According to Plaintiff, she contacted Nah to see if Nah had the RA "duty phone" so she could give it to another RA staff member. Nah responded that she did not have the phone and Plaintiff informed her that she needed to have the phone with her in case of emergency.

---

[1] For the reasons set forth in this Opinion, the Court transfers this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a); therefore, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) is moot and the Court need not address it.

[2] Defendant Hirsch is the President of Rosemont College, Defendant Federowicz is the Assistant Vice President for Human Resources, Defendant Plenn is the former Director of Residence Life, and Defendant Tsikalas is the former Vice President of Finance.

Following the incident with Nah, Plaintiff claims that she attended a staff meeting with the Resident Assistants, during which Nah complained that "she felt harassed by the communication between herself and [Plaintiff] in November in regards to the duty phone." According to Plaintiff, Defendant Plenn, the Director of Residence Life, did not allow Plaintiff to respond to Nah's complaint regarding the phone.

According to Plaintiff, in a subsequent staff meeting, a second incident occurred with another staff member, Joshua Howell. Plaintiff claims that during the staff meeting, she noticed "staff member Joshua Howell seemed distraught and [Plaintiff] approached him and touched his left shoulder with her right hand," at which point Howell "spoke up and said '[d]on't touch me.'" According to Plaintiff, she apologized to Howell "and asked if he was ok."

On April 19, 2011, Defendant Plenn raised concerns regarding Plaintiff's job performance and allegedly stated to Plaintiff that she "does not participate" and "has an 'I don't care' attitude." Plaintiff claims that she asked for examples but that none were provided to her. In a meeting on April 21, 2011, Defendant Plenn and Defendant Federowicz voiced additional concerns about Plaintiff's job performance. According to Plaintiff, her colleagues began to treat her "differently in an effort to make [her] resign" and "[t]he situation continued to worsen for retaliatory tactics over the course of May [2011]" and "was draining, both mentally and physically."

On July 21, 2011, Defendant Federowicz informed Plaintiff that an investigation was being conducted into complaints made by students regarding Plaintiff's "touching" and "management style." On July 28, 2011, Plaintiff was informed by Federowicz that her employment was terminated, effective immediately, because of Plaintiff's "(1) [i]nappropriate and unwelcome touching of students; (2) [i]nappropriate and unprofessional communications

with students; and (3) [p]ervasive lack of confidence in the staff that [Plaintiff] supervise[d]." Plaintiff was given until the end of the week to move out of her on-campus residence.

Plaintiff claims that on August 26, 2011, she sent an email to Defendant Hirsch "outlining the supposed infractions" that led to her termination. Defendant Hirsch replied and scheduled a meeting with Plaintiff and Defendant Tsikalas. According to Plaintiff, she attended the meeting on September 6, 2011, accompanied by her uncle, and was told by Defendant Hirsch that the students had signed a petition complaining about Plaintiff's conduct and that "[p]eople witnessed the sexual harassment charges," which were then investigated by Rosemont College.

**B. Gender Discrimination**

Plaintiff alleges that she was discriminated against by her male colleagues and "subject to disparate treatment and a hostile work environment." According to Plaintiff, in March 2011, she spoke with Defendant Plenn "about the difference in treatment amongst her male colleagues . . . within the Resident Life department." Following her meeting with Defendant Plenn, Plaintiff claims that she again voiced her concern "about the difference in treatment within the Residence Life department among her male colleagues . . . and the sabotage by her male colleagues with the Resident Assistant staff members."

According to Plaintiff, in April 2011, she spoke with Defendant Federowicz "about mistreatment in department among supervisor Defendant Plenn and her male colleagues" and informed Federowicz "that blame was being placed in [Plaintiff] for departmental decisions and actions about staff performance." Plaintiff claims that her repeated complaints were never addressed.

**C. Violation of the Sixth Amendment**

Plaintiff claims that her Sixth Amendment rights were violated because she was not provided with documented evidence of the allegations against her or given the opportunity to "confront accusers."

## II.     DISCUSSION

28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing the need for a transfer, and must submit "adequate data of record" to facilitate the Court's analysis. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 248 (1981).

The Court's analysis under 1404(a) will depend upon the facts of each case. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). In the Third Circuit, a court considering a motion to transfer should consider the private interests of the litigants as well as the public interest in the fair and efficient administration of justice. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). Factors relevant to the parties' private interests include the plaintiff's forum preference, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witness to the extent that they may be unavailable for trial in the original forum, and the location of the books and records. *Id.* The public interest factors include: "(1) judgment enforceability; (2) 'practical considerations that could make the trial easy, expeditious, or inexpensive'; (3) court congestion in each district; (4) local interest in deciding controversies at home; (5) the relevant public policies of each forum; and (6) in diversity cases, the district

judge's familiarity with the applicable state law." *Thorlabs, Inc. v. Townsend Commc'ns, L.L.C.,* 2004 WL 1630488 (D.N.J. June 30, 2004) (citing *Jumara,* 55 F.3d at 879-80).

 In the present case, no extensive analysis of the factors in required in order for the Court to conclude that this action should be transferred to the Eastern District of Pennsylvania. Considering the private factors, while Plaintiff presumably preferred to file suit in New Jersey state court, she has failed to allege any connection between New Jersey and the events giving rise to her claims or the Defendants involved in the action.  Plaintiff's claims arise entirely out of events that occurred during her employment and termination from Rosemont College in Rosemont, Pennsylvania. Throughout the period of her employment, Plaintiff resided at Rosemont College, all of her interactions with Defendants appear to have occurred in Pennsylvania and the records relating to Plaintiff's employment and termination are located in Pennsylvania. Although Plaintiff resides in Somerset, New Jersey, she has not alleged any difficulty she would face litigating this case in the Eastern District of Pennsylvania, which is adjacent to the District of New Jersey.

 Furthermore, transfer to the Eastern District of Pennsylvania, where all of the alleged events occurred, is especially appropriate in this case because the "[r]esolution of . . . employment discrimination and sexual harassment claims particularly would be most meaningful and salutary in the community in which these unlawful acts where allegedly perpetrated, in which the alleged perpetrator maintains a workforce and in which the alleged victim was employed and resides." *Rodriguez v. Senoral Corp.,* 2006 WL 3454861, at *5 (D.N.J. Nov. 27, 2006) (citing *Lamusta v. Lawson Mardon Wheaton, Inc.,* 2000 WL 274013, at *3 (E.D.Pa. March 10, 2000)).

Upon consideration of the relevant private and public factors, the Court finds that the Eastern District of Pennsylvania, where Plaintiff was employed and resided, where the alleged discriminatory conduct occurred, and where the local interests implicated by the parties' dispute are based, is inarguably the center of gravity in this case. Accordingly, the Court grants Defendants' motion to transfer this matter to the United States District Court for the Eastern District of Pennsylvania.

## III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Join in the Motion to Dismiss [docket # 12] is GRANTED, Defendants' Motion for Transfer [docket # 5] is GRANTED and the Court will transfer this action to the United States District Court for the Eastern District of Pennsylvania. An Appropriate Order accompanies this Opinion.


Date:  February 26, 2014                                    /s/ Joel A. Pisano_____
                                                           JOEL A. PISANO
                                                           United States District Judge